UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
ALEJANDRO HERNANDEZ,

            Plaintiff,

-against-

DENIS DILLON, D.A. Nassau County, N.Y.;
JOHN F. MCGLYNN, A.D.A. Nassau County,
N.Y.; JOHN DOES, Nassau County Police
Department,

            Defendants.
----------------------------------------------------x



**MEMORANDUM AND ORDER**
Case No. 05-CV-3815 (FB)(LB)

*Appearances:*
For the Plaintiff:
ALEJANDRO HERNANDEZ, *pro se*
88A7365
Sullivan Correctional Facility
Post Office Box 116
Fallsburg, NY 12733-0116

For Defendant Denis Dillon:
NANCY NICOTRA, ESQ.
Office of the Nassau County Attorney
One West Street
Mineola, NY 11501

**BLOCK, Senior District Judge:**

        Plaintiff, Alejandro Hernandez ("Hernandez"), is currently incarcerated pursuant to state-court convictions for second-degree murder and criminal possession of a weapon. Proceeding *pro se*, he brings an action under 42 U.S.C. § 1983 against the Nassau County District Attorney, assistant district attorneys, officers of the Nassau County Police Department, and George Ortiz ("Ortiz"), a witness in his criminal trial;[1] he also requests leave to proceed *in forma pauperis* ("IFP"), which the Court grants.

---

[1] In addition to the defendants listed in the caption, the complaint names as defendants "John Sharkey (shield # 311)"; "Edward Munoz, Det. (shield #271),"; "Officer-Det. Cannaughton Shield # (unknown)"; "George Ortiz, (for the People)"; and "Daniel Cotter, A.D.A. Nassau County." Compl. III.B

Under the Prison Litigation Reform Act, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity," 28 U.S.C. §1915A(a), and must dismiss, *sua sponte*, any such complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b); *Liner v. Goord*, 196 F.3d 132, 134 (2d Cir. 1999) (noting that language of § 1915A is mandatory). Having conduct the requisite review, the Court concludes that, for the following reasons, Hernandez' complaint fails to state a claim.

### I.

In the main, Hernandez' complaint recites the procedural history of his criminal case and perceived deficiencies in those proceedings; the crux of the complaint is that he "is completely innocent" of the charges brought against him, and that the resulting convictions were "the end results of a 'Chain Conspiracy,' [ ] which was perpetrated against [him] by [the defendants.]" Compl. IV. Hernandez' conspiracy theory is based principally on allegations that police officers and prosecutors bribed or otherwise persuaded Ortiz to falsely identify Hernandez as the perpetrator of the crimes charged; Hernandez alleges that Ortiz subsequently recanted his testimony.

Hernandez apparently seeks no monetary relief; rather, he asks the Court "to allow [him] all Pre trial and all of the Probation Reports after Redaction and to have [Ortiz] returned from El Salvador[.]" Compl. V. Alleging that a DNA test would exonerate him, he also asks the Court to order such a test at Nassau County's expense.

## II.

"To state a claim under § 1983, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States (2) which has taken place under color of state law." *Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997). Liberally construed, *see Burgos v. Hopkins*, 14 F.3d 787 (2d Cir. 1994), Hernandez' complaint claims that he was the object of an allegedly malicious prosecution. Although such a claim is potentially actionable under § 1983, *see Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003) ("Claims for false arrest or malicious prosecution [may be] brought under § 1983 to vindicate the Fourth and Fourteenth Amendment right to be free from unreasonable seizures"), Hernandez' complaint is nevertheless defective.

First, the relief Hernandez seeks – access to various reports, the return of Ortiz to the United States and a court-ordered DNA test – is problematic.[2] While "the scope of a district court's equitable powers to remedy [violations of § 1983] is broad," *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971), it is doubtful that Hernandez' requested relief would be an appropriate remedy in this case.[3]

---

[2]Although Hernandez' complaint does not expressly seek release from prison, the Court notes that such relief is not available under § 1983. As the Supreme Court recently reiterated, "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 125 S. Ct. 1242, 1245 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). "He must seek federal *habeas corpus* relief (or appropriate state relief) instead." *Id.* Hernandez filed a *habeas* petition in this Court in 1993. The Court denied the petition and Hernandez appealed; the Second Circuit denied a certificate of appealability and dismissed the appeal in 1996.

[3]Insofar as Hernandez seeks access to documents, he is advised to consult New York's Freedom of Information Law, N.Y. Pub. Off. L. §§ 84-90.

3

The Court need not resolve the remedy issue, however, because Hernandez cannot make out a violation of § 1983. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486-87 (footnotes and citations omitted). Under *Heck*, there can be no § 1983 claim based on malicious prosecution unless the plaintiff can allege that the criminal proceedings either did not result in a conviction, or resulted in a conviction that has been invalidated. *See Preston v. New York*, 223 F. Supp. 2d 452, 467 (S.D.N.Y. 2002) (citing *Woods v. Candela*, 47 F.3d 545 (2d Cir. 1995)). Hernandez makes neither allegation.

### III.

"[A] court should not dismiss [a *pro se*] complaint without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 1999). By contrast, leave to amend should be denied when repleading would be futile. *See id.*

Leave to amend here would be futile. Hernandez' convictions have not been invalidated; as a result, he cannot state a claim for malicious prosecution under § 1983.[4]

---

[4] *Heck* applies with equal force to claims based on §§ 1981, 1985(3) and 1986. *See Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999). Thus, Hernandez' convictions also bar him from proceeding under any of those statutes.

4

## IV.

Hernandez' complaint is dismissed. Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Memorandum and Order would not be taken in good faith; therefore, IFP status is denied for purposes of appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

FREDERIC BLOCK
United States Senior District Judge

Brooklyn, New York
January 20, 2006